UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MARIANNE KITTINGER, on Behalf of the Estate of Her Deceased Husband, ANTHONY KITTINGER, <br><br> Plaintiff, <br><br> v. <br><br> TEMPLE BAY LODGE, <br><br> Defendant. | No. 04 C 5516 <br><br> Judge John W. Darrah |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Marianne Kittinger, filed a wrongful death action on behalf of the estate of her deceased husband, Anthony Kittinger, against Temple Bay Lodge, a Canadian fishing resort. The Plaintiff alleges that the Lodge owed the decedent the duties to inspect the boat, to maintain the boat in proper working condition, to detect defects in the boat, to provide proper safety equipment, to train the decedent on how to safely use the boat, and to supervise the operation of the boat and that it was negligent in the performance of those duties. Presently before the Court is Defendant's Motion to Dismiss for *Forum Non Conveniens*. The Defendant seeks to dismiss the action in favor of litigating the matter in Ontario, Canada.

### ALLEGED FACTS

A reading of the First Amended Complaint, the Answer thereto, and other materials submitted by the parties pursuant to Defendant's motion support the following summary of the alleged operative conduct of the parties.

1

Temple Bay Lodge is located in Eagle River, Ontario, Canada. The Lodge is owned and operated by Robert and Peg Paluch, who live in Ontario but maintain a residence in Chicago, Illinois. On August 1, 2004, Anthony Kittinger (Plaintiff's decedent) and two friends, Javier Elizondo and Hope Lee, stayed at the Lodge. All were Illinois residents. The Lodge advertises to Illinois residents via its website and offers transportation from Elk Grove Village, Illinois, aboard its coach bus.

Before taking the boat onto the lake, all three individuals attended a seminar conducted by Mr. Paluch. Kittinger, Elizondo, and Lee subsequently rented a 17.5-foot Lund Outfitter fishing boat with a 40-horsepower Yamaha motor from the Lodge. A dock hand gave additional safety instructions to Kittinger immediately before the individuals set out in the boat. Subsequently, at approximately 7:30 a.m., Kittinger was driving the fishing boat with the other individuals on board. The boat capsized; Kittinger, Elizondo, and Lee fell into the water.

Soon after the boat capsized, a boat piloted by Ray Maher, a resident of DeKalb, Illinois, and a boat piloted by Brian Bartlett, a Lodge employee and Ontario resident, came upon the scene. The motor on the boat Kittinger was piloting was still running, and the boat was going in circles. Elizondo and Lee were pulled from the water, but Kittinger was not found. Officer Scott Moore, a resident of Ontario, Canada, investigated the incident.

On August 2, Lodge employees, Ken Gibson and Justin Bouchard, both residents of Ontario, Canada, piloted the boat back to the Lodge. Gibson allegedly experienced no problems in the operation of the motor or in maneuvering the boat. The boat and the motor are being stored in Dryden, Ontario.

On the evening of August 2, Bartlett spoke with Elizondo and Lee about the incident. Bartlett accompanied Elizondo to the boat so that Elizondo could retrieve some items, and they noticed that some screws were missing from the boat. Elizondo allegedly said that he had removed the screws.

## ANALYSIS

When considering a motion to transfer based on the *forum non conveniens* doctrine, the court may take into consideration the pleadings, affidavits, and other documentary evidence submitted by the parties. *See Pyrenee, Ltd. v. Wocom Commodities Ltd.*, 984 F. Supp. 1148, 1152 n.2 (N.D. Ill. 1997). Under the *forum non conveniens* doctrine, a court may dismiss a suit over which it would normally have jurisdiction if dismissal best serves the convenience of the parties, the witnesses, and the ends of justice. *See Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 507 (1947); *Macedo v. Boeing Co.*, 693 F.2d 683, 689 (7th Cir. 1982). When faced with a *forum non conveniens* motion, the court considers the following factors: "(1) the availability of an adequate alternate forum; (2) the appropriate deference to plaintiff's choice of forum; (3) 'private interest' factors; and (4) 'public interest' factors." *Ludgate Insurance Co. v. Becker*, 906 F. Supp. 1233, 1336 (N.D. Ill. 1995). The *forum non conveniens* doctrine affords the court wide discretion in its decisions related to its analysis. *See Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 257 (1981).

An adequate alternative forum exists if: (1) all parties are amenable to process in the other forum; and (2) the alternate forum will treat the parties fairly and not deprive the parties of all remedies. *See Kamel v. Hill-Rom Company, Inc.*, 108 F.3d 799, 803 (7th Cir. 1997) (*Kamel*). The Defendant suggests that Canada is an adequate alternative forum. The Defendant asserts that the Plaintiff is free to file suit in the proper Canadian court and that the Plaintiff maintains an

3

adequate remedy under the Ontario Family Compensation Act. Further, the Defendant asserts that all of the parties are amenable to process in the alternative forum because the Lodge's principle place of business is located in Eagle River, Ontario. This factor weighs in favor of granting the Defendant's motion.

The next inquiry relates to Plaintiff's choice of forum. The plaintiff's choice of forum is usually afforded substantial deference, particularly when it is the plaintiff's home forum. *Kamel*, 108 F.3d at 802. Unless the balance is strongly in favor of the defendant, the plaintiff's choice of forum should rarely be disturbed. *Gulf Oil*, 330 U.S. at 508. "Moreover, when the plaintiff is an American citizen suing in his home forum, the courts have given even greater deference to his choice of an American court and will only dismiss an action when the choice is unnecessarily burdensome for the defendant (often cited as 'unjust, oppressive or vexatious, rather than merely inconvenient')." *Bruemmer v. Marriott Corp.*, 1991 WL 30141, *2 (N.D.Ill. 1991). However, there are other factors to consider; and the weight given to the plaintiff's choice can vary, depending on the circumstances of the individual case. *Georgouses v. NaTec Resources, Inc.*, 963 F. Supp. 728, 730 (N.D. Ill. 1997).

In the instant case, the Plaintiff, an American citizen, chose to bring suit in the Northern District of Illinois, Plaintiff's home forum. This factor weighs heavily in favor of denying Defendant's motion. However, because many of the situs of material events took place outside of Illinois, Plaintiff's choice cannot be given absolute deference.

The "private interest" factors the Court considers include:

> (1) the relative ease of access to sources of proof; (2) the availability of compulsory process for attendance of unwilling witnesses; (3) the cost of obtaining attendance of willing

4

> witnesses; (4) the possibility of viewing the premises, if a viewing would be appropriate to the action; and (5) all other practical problems that make the trial of cases easy, expeditious and inexpensive.

*Ludgate*, 906 F. Supp. at 1237.

There are a significant number of witnesses and evidence in both Illinois and Ontario; a proceeding in a court in either country will not resolve this issue. Bartlett, Gibson, Bouchard, and Officer Moore are all located in Ontario, Canada. The Plaintiff, Elizondo, Lee, and Maher are all located in the Northern District of Illinois. Further, while Robert and Peg Paluch reside in Ontario, they have a home in Illinois. The non-party witnesses are nearly evenly split between Illinois and Ontario. The sole witness not within the control of either party – Officer Moore – is located in Ontario.

The Defendant will not be granted a transfer merely by presenting a long list of witnesses and claiming their inconvenience. *Law Bulletin Publishing Co. v. LRP Publications, Inc.*, 992 F. Supp. 1014, 1017 (N.D. Ill. 1998). Courts go beyond simply looking at the number of witnesses and weigh the quality and nature of their proposed testimony. *Law Bulletin*, 992 F. Supp. at 1018. As a practical matter, it is usually assumed that witnesses within the control of the parties will appear voluntarily. Therefore, more attention should be given to the location of the non-party witnesses and those witnesses not within the control of the parties. *Spherion Corp. v. Cincinnati Financial Corp.*, 183 F. Supp. 2d 1052, 1058 (N.D. Ill. 2002). The Defendant alleges that Elizondo, Lee, and Maher are occurrence witnesses, and the extent of their testimony that will speak to questions of liability and alleged failure to maintain the boat is exaggerated. The Defendant states that the witnesses that can best speak to the issue of liability are located in

Canada. However, as the Plaintiff rightly notes, "courts have been encouraged to evaluate *forum non conveniens* factors in light of increased speed and ease of travel and communication which makes, especially when a key issue is the location of witnesses, no forum as inconvenient today as it was in 1947." *Bruemmer*, 1991 WL 30141 at *2 (citations omitted). The testimony can be taken in Canada and transported to Illinois. As a result, while this weighs in favor of granting the Defendant's motion, the weight is limited by the fact that the testimony can be obtained even if the Plaintiff's choice of forum is respected.

In terms of physical evidence, the boat, the motor, and, of course, the lake are all located in Ontario. However, the boat is only a 17.5 foot fishing boat and, with the motor, can easily be towed to Illinois, to be viewed by a jury, if necessary. The actual site of the occurrence, the lake in Canada, has not been shown to be an issue of any significance in this regard. The "use of video-cassette tapes, models and photographs can provide the jury with an accurate representation of the accident site," if necessary. *Bruemmer*, 1991 WL 30141 at *4. As a result, this factor only slightly favors the Defendant.

The public interest factors the court considers in connection with a motion to dismiss for *forum non conveniens* include: (1) the court's own docket congestion, (2) the preference for having a forum apply law with which it is familiar, (3) the local interest in resolving the controversy, and (4) the unfairness of burdening the citizens in an unrelated forum with jury duty. *Pyrenee, Ltd. v. Wocom Commodities, Ltd.*, 984 F. Supp. 1148, 1165 (N.D. Ill. 1997). Regarding docket congestion, the court considers it relative to the congestion of other potential venues. *See Amoco Oil Co. v. Mobil Oil Corp.*, 90 F. Supp. 2d 958, 961 (N.D. Ill. 2000).

Both parties agree that Canadian substantive law will apply in the present case. Illinois rules provide that the substantive law – here, the Ontario Family Compensation Act – of the forum where the injury occurred will govern, unless another forum's relationship to the occurrence or to the parties is more significant. *Birchler v. Gehl*, 88 F.3d 518, 520 (7th Cir. 1996). Although federal courts are capable of applying foreign law, *see e.g., Bruemmer*, the Defendant asks this Court to apply the substantive law of another nation. To a limited extent, this factor weighs in Defendant's favor.

The local interest weighs in favor of denying the Defendant's motion. Although, as Defendant notes, none of the Lodge's alleged negligence occurred in the District, the decedent did not die in the District, and the fact the Defendant held itself out to Illinois citizens is not dispositive to the local interest. Nevertheless, this District has an interest "in providing a remedy for an injury stemming from a tour booked in [Illinois] for a group that left from [Illinois]," *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1247 (7th Cir. 1990). This factor weighs in favor of denying the Defendant's motion.

There is a potential burden to this District regarding jury services by its residents for a jury trial of this case. However, this concern, when weighed against the district's interest as discussed above, does not favor granting Defendant's motion.

In sum, the above factors weigh in favor of denying Defendant's forum non conveniens motion. Defendant's Motion for Forum Non Conveniens is denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Based on *Forum Non Conveniens* is denied.

Dated: January 25, 2006

JOHN W. DARRAH
United States District Judge